# Commonwealth, ex rel. Walter, Appellant, *v.* Young.

*Counties—County controller—Act of March 27, 1913, P. L. 10—Constitution of Pennsylvania, Amendment No. 9.*

The Act of March 27, 1913, P. L. 10, establishing the office of county controller in counties having a population of 100,000 or over and fixing a two year term of office for the first controller to be elected, is not unconstitutional as having a title which fails to

COM., ex rel. WALTER, Appellant, *v.* YOUNG.  357

1916.]        Syllabus—Opinion of the Court.

disclose the subject-matter of the act, but violates Amendment No. 9 of the Constitution providing that county officers shall hold their offices for the term of four years, beginning the first Monday of January next after their election. Where, therefore, a county controller has been elected under the act, the Constitution fixes the term of his office at four years, and he cannot be ousted at the expiration of the first two years of his term in quo warranto proceedings, at the relation of a party claiming title to the office under the void provision of the act.

Argued March 8, 1916. Appeal, No. 15, Jan. T., 1916, by relator, from judgment of C. P. Northampton Co., Feb. T., 1916, No. 25, of ouster in quo warranto proceedings, in case of Commonwealth of Pennsylvania, ex relatione, Robley D. Walter, v. George F. P. Young. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Quo warranto to test defendant's right to office. Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for defendant. Relator appealed.

*Error assigned* was the order of the court.

*James W. Fox* and *Edward J. Fox,* for appellant.

*George R. Booth,* for appellee.

PER CURIAM, April 17, 1916:

By the Act of March 27, 1913, P. L. 10, the office of county controller was established and that of county auditor or auditors abolished in each county in the Commonwealth containing one hundred thousand inhabitants or over. At the time of the passage of this act the County of Northampton came within its provisions. The act further provided that, at the municipal election in the year 1913, the qualified electors of each county having the said population, and not having a controller,

358 . COM., ex rel. WALTER, Appellant, *v.* YOUNG.

Opinion of the Court. ⋅ [253 Pa.

should elect one citizen to serve as controller in place of a county auditor or auditors until the first Monday of January, 1916, and a still further provision is that "at the municipal election in the year one thousand nine hundred and fifteen, and quadrennially thereafter, the qualified electors of each county entitled to a controller shall elect one citizen of such county, who shall serve as controller for the term of four years from the first Monday of January thereafter following." At the general election of 1913 George F. Young, the appellee, was elected to the office of county controller in Northampton county. He entered upon the duties of his office, and, on the first Monday of January, 1916, refused to deliver up any books or papers in his possession to the relator, who had been elected to the same office at the election in November, 1915. Thereupon, at the relation of the latter, a writ of quo warranto was issued to oust the appellee, and, from the judgment entered in his favor, we have this appeal, in which the single question is the constitutionality of one of the provisions of the Act of 1913.

The act creating the office of county controller in the class of counties specified is clearly constitutional, and the general election held in November of that year was the time at which the first controller in the said counties was to be elected. A county controller is a county officer, and, by the constitutional amendment No. 9, adopted November 2, 1909, county officers hold their offices for the term of four years, beginning the first Monday of January next after their·election. While the legislature lawfully created the office of county controller for the County of Northampton, the Constitution fixed the term of his office at four years. The term of two years fixed by the legislature for the first controller to be elected, being in contravention of this, is void. When the relator was elected in November, 1913, his term of office began on the first Monday of January following, and extends over a term of four years, and, for this reason, the judgment of the court below is affirmed.